IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.                               Case Nos.:   1:16cr16/MW/GRJ
                                               1:19cv131/MW/GRJ
JOHN H. CHASTAIN

---

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner's "Motion for Leave to Withdraw § 2255(f)(3) Motion to Vacate, Set Aside or Correct Setnence (sic). (28 U.S.C. § 2255(f)(3))."   (ECF No. 68.)

On April 27, 2017, Petitioner was sentenced to a term of 76 months of imprisonment after pleading guilty to a single charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).   He did not appeal.   In July of 2019, Petitioner filed a § 2255 motion claiming that his sentence is unconstitutional based on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Government did not prove he knew he was a convicted felon at the time he possessed the firearm.   (ECF No. 60.)   He also asserts that his motion is timely based on *Rehaif* and that his plea was unknowing based on his

Page 2 of 3

mental illness and low IQ. The Government responded in opposition on September 12, 2019. (ECF No. 65.)[1]

Petitioner now states that after reviewing the Government's response, he concedes that *Rehaif* is inapplicable to his case and he seeks to withdraw the motion.[2] He asks the court to "withdraw the § 2255(f)(3) Motion to vacate or dismissal of the motion with prejudice." (ECF No. 68 at 3.) The undersigned concurs that the Government's response to the arguments Petitioner raised appear to be well-taken. However, because the law on *Rehaif* is still developing, the court recommends that Petitioner's motion be withdrawn or dismissed *without* prejudice.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. Petitioner's "Motion for Leave to Withdraw § 2255(f)(3)…" (ECF No. 68) should be **GRANTED**.

---

[1] The Government's argument as to Chastain's *Rehaif* claim is virtually identical to that filed in another case, and in fact includes the name of the defendant from the case in which the argument was previously made. (*See* ECF No. 65 at 13.)

[2] His motion does not address the Government's response to his third claim, regarding his involuntary plea. The Government asserts that the third claim, which is unrelated to *Rehaif*, is time-barred.

Case Nos.: 1:16cr16/MW/GRJ; 1:19cv131/MW/GRJ

2. Petitioner's motion to vacate, set aside or correct sentence (ECF No. 60) should be **DISMISSED without prejudice**, and this case should be closed.

**IN CHAMBERS** this 9th day of October 2019.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

# NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. <ins>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</ins>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:16cr16/MW/GRJ; 1:19cv131/MW/GRJ